## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Albert Antwan Hodges,                    )
                                         )
    Plaintiff,                           )
                                         )    Civil Action No. 8:13-3587-RMG
    vs.                                  )
                                         )
Carolyn W. Colvin, Commissioner          )
of Social Security,                      )    **ORDER**
                                         )
    Defendant.                           )
_____  )

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking

judicial review of the final decision of the Commissioner of Social Security denying his claim for

Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accord with

28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States

Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and

Recommendation ("R & R") on January 29, 2015, recommending that the Commissioner's

decision be reversed and remanded to the agency because of a the Administrative Law Judge's

deficient credibility analysis. (Dkt. No. 13). The Commissioner filed a one page objection,

simply stating that the agency decision was supported by substantial evidence without citation to

any portion of the administrative record or supporting legal authority. (Dkt. No. 15). For reasons

set forth below, the Court reverses the decision of the Commissioner and remands the matter to

the agency for further action consistent with this decision.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation

-1-

has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1527(b). Known popularly as the "Treating Physician Rule," the

-2-

regulation requires the Commissioner to "evaluate every medical opinion we receive." *Id.* §
404.1527(c). Special consideration is to be given to the opinions of treating physicians of the
claimant, based on the view that "these sources are likely to be the medical professionals most
able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and
may bring a unique perspective to the medical evidence that cannot be obtained from objective
medical findings alone or from reports of individual examinations, such as consultative
examinations or brief hospitalizations." *Id.* § 404.1527(c)(2).

Under some circumstances, the opinions of the treating physicians are to be accorded
controlling weight. Even where the opinions of the treating physicians of the claimant are not
accorded controlling weight, the Commissioner is obligated to weigh *all* medical opinions in
light of a broad range of factors, including the examining relationship, the treatment relationship,
length of treatment, nature and extent of the treatment relationship, supportability of the opinions
in the medical record, consistency, and whether the treating physician was a specialist. *Id.* §§
404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of
treating physicians and to give "good reasons" in the written decision for the weight given to a
treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996). Further, since
the Commissioner recognizes that the non-examining expert has "no treating or examining
relationship" with the claimant, she pledges to consider their supporting explanations for their
opinions and "the degree to which these opinions consider all of the pertinent evidence in your
claim, including opinions of treating and examining sources." § 404.1527(c)(3).

Social Security rules and regulations recognize that chronic pain may not necessarily be
provable by objective diagnostic studies and that the subjective complaints of a claimant should

-3-

be given fair consideration in making a determination of disability. 20 C.F.R. § 404.1529; SSR 96-7P, 1996 WL 374186 (1996). The Administrative Law Judge, when evaluating a claimant's complaints of chronic pain, is directed to consider such factors as the claimant's daily activities, location, frequency and intensity of the claimant's pain symptoms, any precipitating or aggravating factors, the effectiveness of any pain medications, and treatment received. § 404.1529(c)(3)(i)-(vii). The Fourth Circuit has been particularly insistent that the Commissioner's evaluation of chronic pain in assessing a claim for Social Security disability, including where sickle cell disease is at issue, include a full consideration of a claimant's subjective complaints of pain and other evidence beyond any objective findings in the medical record. *Hines v. Barnhart*, 453 F. 3d 559, 563-66 (4th Cir. 2006).

## Discussion

The appeal turns on whether the ALJ utilized the proper legal standards in evaluating Plaintiff's claim of disability arising out of his sickle cell disease, which he asserts causes him severe, chronic pain that is exacerbated with movement and activity. The ALJ recognized that Plaintiff's sickle cell disease is a severe impairment that significantly restricts the claimant's ability to function in the workplace. The dispute between the parties is actually a rather small one: the Commissioner finds that the claimant is limited to less than full range of sedentary work, the lowest level of job functioning under the Social Security Act where an applicant is not determined to be disabled, and Plaintiff asserts that his chronic pain associated with his sickle cell disease renders him disabled under the Act.

Plaintiff challenges the denial of disability on essentially two grounds. First, Plaintiff asserts that the ALJ conducted a deficient credibility assessment that resulted in an inadequate

-4-

consideration of his subjective complaints of chronic, severe pain. Second, Plaintiff asserts that the ALJ failed to apply the proper legal standards to the assessment of medical expert testimony under the Treating Physician Rule.

The Magistrate Judge addressed in the R & R only the first of these objections, the ALJ's credibility analysis, and found that the ALJ's assessment of Plaintiff's credibility did not meet statutory and regulatory standards. (Dkt. No. 13 at 17-23). As indicated below, the Court concurs in the findings and conclusions set forth in the R & R regarding the ALJ's credibility analysis and adopts that portion of the R & R. The Court goes further, however, and addresses the serious deficiencies in the ALJ's application of the Treating Physician Rule and finds that this provides a separate and independent basis for reversal and remand.

## A.    The Credibility Analysis

The ALJ obviously gave little credence to the claimant's testimony that his sickle cell disease restricted him to limited physical exertion that made it impossible for him to sustain work and difficult even to dress himself in the morning. Transcript of Record ("Tr.") 4, 8-11, 15. The ALJ also gave limited weight to the testimony of Plaintiff's mother, who corroborated the claimant's limited ability to function because of his chronic pain associated with his sickle cell disease. Tr. 50-53. Instead, the ALJ focused on Plaintiff's statements at the administrative hearing that overstated the number of hospital encounters he has had due to his sickle cell disease. Tr. 27. While claimant may not have been the most accurate medical historian, there is no dispute that in the 16-month period between October 27, 2010, and February 6, 2012, Plaintiff had six different emergency room visits in which he was diagnosed to be in a sickle cell crisis and seven office visits with his primary care physician, Dr. Barry Lee, in which he was

documented to be experiencing chronic sickle cell disease related pain. Tr. 303-05, 308-09, 311-14, 340-43, 361, 362, 364, 365, 367, 368, 369, 370-73, 376-79.

The Court concurs in the very ably reasoned and written R & R regarding the ALJ's failure to consider the full body of record evidence in making the credibility assessment. The Court also agrees with the Magistrate Judge that the ALJ fails to address the critical question of whether Plaintiff can sustain effort over an eight-hour workday. (Dkt. No. 13 at 22). The Court, therefore, adopts and incorporates into this order pages 1-23 of the R & R (up to the section titled "Plaintiff's Remaining Arguments").

### B.    The Treating Physician Rule

The Treating Physician Rule establishes a preference for the opinions of treating physicians and requires all medical opinions be evaluated under the standards of the Rule. § 404.1527(c)(1)-(5). These, of course, include such factors as the physician's treating history, examining history, supportability and consistency. The ALJ determined to give "little weight" to the opinions of Plaintiff's treating physician, Dr. Lee, despite his examination and treatment of the claimant over many years, which included at least 13 office visits. Tr. 28-29, 256, 257, 258, 259, 260, 361, 362, 364, 365, 367, 368, 369. Dr. Lee consistently and emphatically asserted that Plaintiff's chronic pain secondary to his sickle cell disease interfered with his ability to sustain full-time work. Tr. 261, 270, 272-77, 367, 368. Instead, the ALJ gave "great weight" to the opinions offered by a non-examining, non-treating physician, Dr. William Cain, who apparently has never laid eyes on the claimant. In reaching these conclusions regarding the weight to be accorded the medical opinions in the record, the ALJ failed to assess the various medical opinions under the standards of the Treating Physician Rule. Tr. 28-29.

-6-

It is interesting to note that the ALJ appeared to give "great weight" only to the opinions of Dr. Cain, giving "limited weight" to the opinions of another non-examining, non-treating physician, Dr. Bruce Wilson, and to Plaintiff's treating physician, Dr. Lee. *Id.* This produced what appears to the Court to be a rather anomalous result of allowing the opinion of a single non-examining and non-treating physician to trump the evidence of the treating physician, multiple emergency room physicians, the claimant and his mother without any substantive explanation why Dr. Cain's opinion would be given such controlling weight.[1]

The ALJ's failure to weigh the opinions of various experts under the Treating Physician Rule provides a separate and independent basis for reversal of the Commissioner's decision. On remand, the ALJ is directed to apply the standards of the Treating Physician Rule and to explain the basis of the weight accorded the opinions of the various medical experts.

### Conclusion

Based upon the foregoing, the Court hereby **REVERSES** decision of the Commissioner and **REMANDS** the case to the agency for further action consistent with this order pursuant to Sentence Four of 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

---

[1] Plaintiff was also seen by an examining consulting physician, Dr. Charles Rittenberg, who indicated that he was unable to assess the status of the claimant's sickle cell disease because he did not have access to laboratory data. Tr. 296-97. The ALJ did not indicate what weight, if any, she gave Dr. Rittenberg's opinions. Tr. 26-27.

-7-

Charleston, South Carolina
February 5, 2015